Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5345 | **DATE** | 7/17/2002 |
| **CASE TITLE** | MILNER et al vs. CITY OF CHICAGO et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Individual defendants' motion for summary judgment is granted. This action is dismissed in its entirety with prejudice. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 18 2002 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/17/2002 | |
| JS | courtroom deputy's initials | | date mailed notice | |
| | | | JS | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILDRED MILNER, ANDRE MILNER, )
CLARA MILNER and LATASHA MILNER )
)
Plaintiffs, )
)
v. ) No. 01 C 5345
)
CITY OF CHICAGO, A Municipal )
Corporation, and Chicago Police Officers )
ALEJANDRO SANCHEZ, ROLANDO )
RODRIGUEZ, and JAMES WASHBURN )
)
Defendants. )

**DOCKETED**
JUL 1 8 2002

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 11, 2001, plaintiffs Mildred Milner, Andre Milner, Clara Milner, and Latasha Milner (collectively, "plaintiffs") filed a two count complaint against defendants City of Chicago, and individual police officers Alejandro Sanchez ("Sanchez"), Rolando Rodriguez ("Rodriguez"), and James Washburn ("Washburn") (collectively, "Individual Defendants"). Count I states a claim for unconstitutional search and seizure in violation of 42 U.S.C. § 1983 against the Individual Defendants. Count II, which alleges a civil rights violation by the City of Chicago, was dismissed on June 3, 2002 pursuant to the parties' stipulation, Docket Entry Number 27. The Individual Defendants have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Individual Defendants' motion for summary judgment is granted.

1

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).

## ANALYSIS

In the complaint, plaintiffs allege several different constitutional violations against the Individual Defendants, including excessive force during arrest, false arrest, illegal search of the premises, and unreasonable execution of search warrant. Plaintiffs also make reference to equal protection and substantive due process violations. In their memorandum in response to the Individual Defendants' motion, plaintiffs concede that "any injuries [Andre Milner] sustained were not at the hands of these three Defendant officers . . ." and therefore, that plaintiffs' excessive force claim against the Individual Defendants cannot survive summary judgment. (Pl.'s Mem. in Opp'n to Def.'s Mot. at 5, ¶ II.) Plaintiffs also agree that they cannot sustain their claim for illegal search of the premises because the alleged illegal search of the second floor was not conducted by the

Individual Defendants in this case. (Id. at 6, ¶ IV.) Finally, plaintiffs concede that they cannot maintain their equal protection and substantive due process claims. (Id. at 7, ¶ VI.). Therefore, the only claims that remain which this court will now address are plaintiffs' claims against the Individual Defendants for unreasonable execution of search warrant and false arrest.

I. False Arrest

With respect to the faslse arrest claim, the Individual Defendants contend that plaintiffs have not established that the Individual Defendants had any personal involvement in the arrest of Andre Milner. Section 1983 creates a cause of action based upon personal liability and predicated upon fault and an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Jenkins v. Keating, 147 F.3d 577, 583-84 (7th Cir. 1998). The constitutional deprivation plaintiffs allege is the unlawful arrest of Andre Milner. The undisputed facts establish that none of the Individual Defendants, neither Sanchez, Washburn nor Rodriguez, had any physical contact with Andre Milner, nor did they handcuff or transport Andre Milner on the day of his arrest. Plaintiffs contend that defendant Washburn was personally involved with the arrest because he was involved in the surveillance which eventually led to the issuance of a search warrant of plaintiffs' home, and that Washburn completed almost all of the paperwork for the search and the subsequent arrest of Andre Milner, including the search warrant, the arrest report, the inventory sheets and the criminal complaint. It is questionable whether Washburn's involvement in the issuance of the search warrant is relevant to this court's determination of Washburn's personal involvement in the arrest of Andre Milner. This court also notes that Washburn's filling out of ministerial paperwork alone is not enough to establish the requisite participation in the alleged false arrest. See Jenkins v. Keating 147 F.3d 577, 583-84 (7th Cir. 1998) (merely signing the criminal

3

complaint bringing defendant before the court after defendant was placed under arrest not enough to establish "participation").

Moreover, even if this court were to find that personal involvement existed as to defendant Washburn, this court would find that probable cause existed for Andre Milner's arrest. The existence of probable cause for an arrest is an absolute bar to a Section 1983 claim for unlawful arrest. See Jenkins, 147 F.3d at 583-84. While the existence of probable cause is often a jury question, summary judgment is appropriate "when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 473 (7th Cir.1997). Courts evaluate probable cause "not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer–seeing what he saw, hearing what he heard." Wollin v. Gondert, 192 F.3d 616, 623 (7th Cir.1999). This "flexible, commonsense approach" does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable. Id. It is well-established that the totality of the circumstances establishes reasonableness or lack thereof. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983).

In this case, during the search of the Milner residence pursuant to a search warrant, Officer Valdez, one of the officers conducting the search, found a small piece of plastic containing a white rock-like substance and a triple beam scale. Officer Brennan, another officer at the scene, recovered Andre Milner's identification in close proximity to the suspect narcotics. Plaintiffs do not dispute that narcotics are often kept in small plastic bags for sale and distribution and triple beam scales are also often used for narcotics distribution. Additionally, in consideration of the totality of the circumstances, this court notes that during the surveillance of plaintiffs' residence prior to the

4

issuance of the search warrant, Washburn and other officers observed Andre Milner in what appeared to be drug transactions from his house. Based upon these undisputed facts, this court finds that, even assuming for the purposes of this analysis that Washburn was the arresting officer, probable cause existed for the arrest of Andre Milner. This court concludes, therefore, that plaintiffs have not presented evidence such that a reasonable jury could find for the plaintiffs on their false arrest claim. Plaintiffs contend that a disputed fact exists as to whether the white substance and the triple beam scale were discovered in Andre Milner's bedroom or his brother Willie Milner's bedroom. However, the dispute regarding the exact location of the items within Andre Milner's residence does not constitute a genuine issue of material fact that requires trial. Accordingly, this court grants summary judgment in favor of the Individual Defendants as to plaintiffs' false arrest claim.

II. Unreasonable Execution of the Search Warrant

This court also grants summary judgment in favor of the Individual Defendants as to plaintiffs' claim for unreasonable execution of the search warrant. Plaintiffs allege that the Individual Defendants used unreasonable force in executing the search warrant by entering the residence with their guns out, making the plaintiffs lay on the floor during the search, and "ransacking" the house. It is undisputed that upon entering the residence, Andre Milner was handcuffed and that the remaining plaintiffs were told to lay on the floor while the officers did a protective sweep of the house. After the protective sweep, the officers holstered their weapons and all of the occupants were allowed to sit in the living room until the search was completed in the matter of a few hours. During the search, the officers took things out of drawers, out of closets, and tossed various items around. Plaintiffs maintain that the officers could have more carefully moved items to look underneath them and the like. In executing a warrant, a police officer may use "[a]ll

5

necessary and reasonable force ... to effect an entry into any building or property or part thereof to execute a search warrant." 725 ILCS 5/108-8. An officer may also "reasonably detain to search any person in the place at that time: (a) to protect himself from attack, or (b) to prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant." 725 ILCS 5/108-9. Additionally, it is "generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant." Dalia v. United States, 441 U.S. 238, 257, 99 S.Ct. 1682 (1979).

Based on the undisputed facts in this case, this court finds that plaintiffs have not established that any unreasonable force was used in the execution of the search warrant. Based on the record, the officers' conduct was not unreasonable given that the officers were searching for drugs in plaintiffs' residence. The officers' conduct did not rise to the level required for a constitutional violation. Finally, plaintiffs make the additional argument in their response memorandum that the search was unjustified because the search warrant was obtained fraudulently. The validity of the search warrant was not alleged in the complaint and is not at issue in this case. Any arguments plaintiffs make regarding the lack of probable cause to issue the search warrant are irrelevant. This court finds that plaintiffs have failed to raise a genuine issue of material fact that requires trial and that the Individual Defendants are entitled to judgment as a matter of law as to plaintiffs' unreasonable search claim.

## CONCLUSION

For all the reasons stated above, the Individual Defendants' motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: July 17, 2002